# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

**AVERY CATO,**

              **PETITIONER,**

**V.**                                                                      **Case No.  A-24-CV-01107-RP**

**TEXAS,**

              **RESPONDENT.**

_____

## ORDER

Before the Court is Petitioner Avery Cato's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241.  (ECF No. 1).  The Court grants Petitioner leave to proceed in forma pauperis.  After consideration of the petition, the Court dismisses it without prejudice.

Petitioner alleges he is accused of violating Texas Penal Code 22.07(2)(5), threatening with intent to cause fear.  Petitioner claims he is not culpable of such crime because he was delusional at the time he made the threat.  Petitioner claims an error in his record caused the magistrate judge to set his bond at $700,000.  Petitioner is dissatisfied with the state court and his attorney.  Petitioner argues there was no probable cause to arrest him.

Public records show Petitioner was indicted in the 453rd Judicial District Court of Hays County on March 6, 2024, for making a terroristic threat.  He is currently represented by counsel in his criminal case.  Petitioner filed a state application for habeas corpus relief at the same time he filed his petition in this Court.  That application is currently pending.

Because Petitioner is a state pretrial detainee, his habeas petition is construed as one brought pursuant to 28 U.S.C. § 2241.  To warrant habeas relief under section 2241, a state petitioner must

be in custody and must have exhausted all available state remedies. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484 (1973). Although exhaustion of state remedies is mandated by statute only for post-trial habeas claims under 28 U.S.C. § 2254(b), well-established Fifth Circuit precedent holds that the federal courts should abstain from exercising jurisdiction over pretrial habeas claims if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner. *See Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976). Federal habeas relief should not be used as a "pre-trial motion forum for state prisoners." *Braden*, 410 U.S. at 493.

Based on the litigation history described in Petitioner's petition and attachments, he plainly has not exhausted his state court remedies. He also has not shown that trial or existing state procedures, including pretrial habeas review, direct appeal, and post-trial state habeas review, are insufficient to protect his constitutional rights. Accordingly, the claims raised in his habeas corpus petition are unexhausted and may not go forward here.

Moreover, his claims are subject to application of the *Younger* abstention doctrine. The *Younger* abstention doctrine discourages federal courts from interfering with state criminal proceedings except in extraordinary circumstances where the danger of irreparable loss is both great and immediate. *Younger v. Harris*, 401 U.S. 37, 45 (1971). Its purpose is to protect on federalism grounds the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction, and to limit federal interference in the state adjudicatory process. *See Dickerson*, 816 F.3d at 225; *Braden*, 410 U.S. at 490–91. In short, it is to prevent federal habeas relief's use as a "pre-trial motion forum for state prisoners." *Braden*, 410 U.S. at 493.

The *Younger* doctrine requires that federal courts decline to exercise jurisdiction over a state criminal defendant's claims when three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the [petitioner] has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012). All prerequisites for abstention under *Younger* are met in the instant case.

It is therefore **ORDERED** that Petitioner is **GRANTED** leave to proceed in forma pauperis and the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1), filed by Petitioner Avery Cato is **DISMISSED WITHOUT PREJUDICE**.

It is finally **ORDERED** that a certificate of appealability is **DENIED**.

**SIGNED** on September 20, 2024.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE